**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **JOSHUA MYERS** and **RAYMOND TOMPKINS,** on behalf of themselves and others similarly situated, | : : : : | |
| Plaintiffs, | : : | CASE NO. 1:20-cv-429 |
| v. | : : : | JUDGE |
| **AMERICAN EAGLE PLUMBING & DRAIN CLEANING, LLC,** c/o Bashir O. Salem 120 Ewing Dr. Apt. B Fairfield, OH 45014 | : : : : : : | MAGISTRATE JUDGE **JURY DEMAND ENDORSED HEREON** |
| AND | : : : | |
| **AMERICAN EAGLE PLUMBING AND DRAIN CLEANING OF DAYTON INC.,** c/o Nazek Salem 7280 Wheatland Meadow Court West Chester, OH 45069 | : : : : : : | |
| AND | : : : | |
| **AMERICAN EAGLE PLUMBING AND DRAIN CLEANING OF FLORIDA, LLC**, c/o Bashir O. Salem 501 Mandalay Ave. Unit 501 Clearwater, FL 33767 | : : : : : : : | |
| AND | : : : | |
| **BASHIR SALEM** 7280 Wheatland Meadow Court West Chester, OH 45069 | : : : : | |
| AND | : : : : : : | |

**NAZEK SALEM**                       :
7280 Wheatland Meadow Court    :
West Chester, OH 45069          :
                                     :
        Defendants.              :

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Plaintiffs, Joshua Myers ("Named Plaintiff Myers" or "Myers") and Raymond Tompkins ("Named Plaintiff Tompkins" or "Tompkins") (collectively "Plaintiffs" or "Named Plaintiffs") individually and on behalf of other members of the general public similarly situated, for their complaint against Defendants, American Eagle Plumbing & Drain Cleaning, LLC ("Defendant American Eagle" or "American Eagle"), American Eagle Plumbing and Drain Cleaning of Dayton Inc. ("Defendant American Eagle Dayton" or "American Eagle Dayton"), and American Eagle Plumbing and Drain Cleaning of Florida, LLC ("Defendant American Eagle Florida" or "American Eagle Florida"), Bashir Salem ("Bashir"), Nazek Salem ("Nazek") (collectively "Defendants"), for Defendants' failure to pay wages free and clear and also unlawfully reduce wages that they paid to Plaintiffs through paycheck deductions and by requiring Plaintiffs to bear Defendants' business expenses. Plaintiffs are seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); and the claims pursuant to O.R.C. § 4111.03, 4111.08, and the OPPA are brought as a class action pursuant to Rule 23.

The following allegations are based on personal knowledge as to the Named Plaintiffs' own conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby states as follows:

I.      **JURISDICTION AND VENUE**

1.      This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. §1331.

2.      This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.      Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants' principal place of business is located in in the Southern District of Ohio, Defendants employed the Named Plaintiffs and others similarly situated in the Southern District of Ohio, and a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Ohio.

II.     **PARTIES**

4.      Named Plaintiff Myers is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5.      Named Plaintiff Myers was employed by Defendants beginning in or around May 2016 until May 2020.

6.      Named Plaintiff Myers worked on a commission basis as a non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

7.      At all times relevant, Named Plaintiff Myers was employed by Defendants as a commissioned plumbing service technician and commissioned plumbing supervisor. At all times,

his primary job duties included installing, repairing, and maintaining plumbing systems, performing drain cleans, and performing service work on plumbing systems.

8.     Named Plaintiff Tompkins is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

9.     Named Plaintiff Tompkins was employed by Defendants beginning in or around February 2017 until July 2018.

10.    Named Plaintiff Tompkins worked on a commission basis as a non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

11.    At all relevant times, Named Plaintiff Tompkins worked as a commissioned plumbing technician. His primary job duties included installing, repairing, and maintaining plumbing systems, performing drain cleans, and performing service work on plumbing systems.

12.    Named Plaintiffs bring this action on behalf of themselves and those similarly situated and have given their written consent to bring this action to collect unpaid overtime compensation under the FLSA. Plaintiffs' consents are being filed along with this Complaint pursuant to 29 U.S.C. §216(b). (*Consents to be Party Plaintiffs*, attached hereto as **Exhibit A**).

13.    Defendant American Eagle is a domestic limited liability company that provides residential and commercial plumbing services in Ohio, including Dayton the Greater Cincinnati area. Defendant American Eagle does business as "Mr. Rooter Plumbing and Drain Cleaning of Cincinnati," "Mr. Rooter Plumbing and Drain Cleaning of Dayton," and "Mr. Rooter Plumbing and Drain Cleaning of Butler and Warren Counties." Defendant American Eagle maintains its principal place of business at 9772 Princeton Glendale Road, Cincinnati, Ohio 45246. Defendant American Eagle is owned and operated by Defendants Bashir and Nazek.

14. At all times relevant, Defendant American Eagle was an employer of Named Plaintiffs and other commissioned employees, such as plumbing technicians and plumbing supervisors, as defined in the FLSA and the Ohio Acts.

15. Defendant American Eagle Dayton is a corporation for profit that provides residential and commercial plumbing services. Defendant American Eagle Dayton operates and conducts substantial business activities in the Southern District of Ohio. Defendant American Eagle Dayton is owned and operated by Defendants Bashir and Nazek.

16. Defendant American Eagle Florida is a Florida limited liability company that operates and conducts business in the State of Florida. Defendant American Eagle Florida does business as "Mr. Rooter of Tampa." Defendant American Eagle Florida is owned and operated by Defendants Bashir and Nazek.

17. Defendant Bashir is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio. Defendant Bashir conducts substantial business activities in the Southern District of Ohio and jointly owns and operates Defendant American Eagle, Defendant American Eagle Dayton, and Defendant American Eagle Florida (collectively "American Eagle Plumbing"). Defendant Bashir jointly employs the individuals working at all American Eagle Plumbing locations.

18. Defendant Nazek is an individual, United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio. Defendant Nazek conducts substantial business activities in the Southern District of Ohio and jointly owns and operates Defendant American Eagle, Defendant American Eagle Dayton, and Defendant American Eagle Florida (collectively "American Eagle Plumbing"). Defendant Nazek jointly employs the individuals working at all American Eagle Plumbing locations.

19.     Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

20.     During relevant times, Defendants Bashir and Nazek, cofounders and co-owners, have had operational control over significant aspects of the day-to-day functions of American Eagle Plumbing.

21.     During relevant times, Defendants jointly maintained control, oversight, and direction over Plaintiffs and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

22.     During relevant times, Defendants have mutually benefitted from the work performed by Plaintiffs and those similarly situated.

23.     During relevant times, Defendants did not act independently of each other and have not been completely disassociated with respect to the work of Plaintiffs and other similarly situated employees.

24.     During relevant times, Defendants shared the services of Plaintiffs and other similarly situated employees.

25.     During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs and those similarly situated.

26.     During relevant times, Defendants are and have been jointly involved in the operational decisions of each other.

27.     During relevant times, Defendants have been jointly involved in the employment decisions of each other, including, but not limited to decisions about their wage and hour policies and practices that affect Plaintiffs and all other similarly situated employees.

28.    Upon information and belief, Defendants jointly operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

29.    Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they are legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

30.    During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

### III.    FACTS

31.    During their employment with Defendants, Named Plaintiffs and Defendants' other commissioned employees worked as plumbing technicians or plumbing supervisors and were paid on a commission basis performing non-exempt job duties.

32.    Plaintiffs were scheduled to work a regular work schedule, but they also regularly worked beyond their scheduled hours.

33.    Defendants controlled commissioned employees' work through dispatching them to jobs.

34.    Defendants utilized a fixed pricing structure for plumbing jobs and Named Plaintiffs and Defendants' other commissioned employees were required to quote these fixed prices to the customers.

35.     Named Plaintiffs and Defendants' other commissioned employees were paid a percentage of the net monies collected from jobs worked after Defendants took certain deductions from their employees' pay. Defendants took deductions both prior to and after calculating employees' commission. The pre-commission deductions included material and miscellaneous expenses. The post-commission deductions included warranty callbacks, gas. Defendants' business expenses from the collected monies.

36.     If Named Plaintiffs' and Defendants' other commissioned employees' weekly commission pay did not exceed $400.00, Defendants were supposed to pay the Named Plaintiffs and Defendants' other commissioned employees $400.00 for that workweek, less deductions. However, Defendants often did not pay the weekly minimum.

37.     Defendants did not record Named Plaintiffs' and Defendants' other commissioned employees' time worked.

38.     Defendants began the workweek by requiring Named Plaintiffs and Defendants' other commissioned employees to attend a mandatory Monday morning meeting. Defendants also required Named Plaintiffs and Defendants' other commissioned employees to work at least nine (9) hours per day, five (5) days a week. If Named Plaintiffs and Defendants' other commissioned employees were not working on a job for a customer, Defendants required Named Plaintiffs and Defendants' other commissioned employees to take incoming calls at Defendants' offices.

39.     Moreover, Defendants required Named Plaintiffs and Defendants' other commissioned employees to continue working a job until completion regardless of how many hours were necessary to complete the job. Consequently, Named Plaintiffs and Defendants' other commissioned employees routinely worked past their scheduled "shift." Therefore, Named

Plaintiffs and Defendants' other commissioned employees regularly worked in excess of forty (40) hours in a workweek.

40.     Named Plaintiffs and Defendants' other commissioned employees were not paid for time spent at the weekly meetings, for time spent at the offices, for time spent performing warranty callbacks on their own jobs, for time spent traveling to and from job locations, or for time spent with customers that did not result in revenue to the business.

41.     Named Plaintiffs and Defendants' other commissioned employees were not paid one- and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

42.     Moreover, Named Plaintiffs' and Defendants' other commissioned employees' regular rate of pay did not exceed one and one-half times the applicable minimum wage for every hour worked in workweeks that they performed overtime work.

43.     Defendants suffered or permitted the Named Plaintiffs and those similarly situated to work more than forty (40) hours per workweek, while not compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rate as a result of Defendants' company-wide policies or practices described above that affect Named Plaintiffs and all other similarly situated employees.

44.     Defendants' failure to compensate Named Plaintiffs and Defendants' other commissioned employees as set forth above resulted in unpaid overtime.

45.     At all times relevant herein, Named Plaintiffs and Defendants' other commissioned employees were employees as defined in the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

46.     At all times relevant herein, Defendants were "employer[s]" as that term is defined by the FLSA, the Ohio Acts, and Ohio Constitution Art. 2 §34a.

47.     Upon information and belief, Defendants, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

48.     During relevant times, Defendants had knowledge of and acted willfully in regard to its conduct described herein.

49.     Defendants are in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages or they otherwise failed to fulfill their duties to keep such records.

### IV.     FLSA COLLECTIVE ALLEGATIONS

### A.  Overtime Collective

50.     The Named Plaintiffs bring their FLSA overtime claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> All current and former commissioned plumbing technicians or plumbing supervisors who worked over 40 hours in any workweek during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Overtime Collective" or "FLSA Overtime Collective Members").

51.     Named Plaintiffs and putative FLSA Overtime Collective Members were all subject to the same policies or practices described above which resulted in unpaid overtime.

52.     During the last three years, Defendants has not paid Named Plaintiffs and Defendants' other commissioned employees any overtime wages for the overtime work they

performed. At the same time, Defendants did not ensure that Named Plaintiffs' and Defendants' other commissioned employees' regular rate of pay exceeded one and one-half times the applicable minimum wage for every hour worked in workweeks that they performed overtime work.

53.     Moreover, Named Plaintiffs and the putative FLSA Overtime Collective Members were not paid for time spent at the weekly meetings, for time spent at the offices, for time spent performing warranty callbacks on their own jobs, for time spent traveling to and from job locations, or for time spent with customers that did not result in revenue to the business.

**B.  <u>Minimum Wage Collective</u>**

54.     The Named Plaintiffs bring their FLSA minimum wage claims pursuant to 29 U.S.C. §216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in class. The FLSA collective consists of the following:

> All current and former commissioned plumbing technicians or plumbing supervisors who did not earn minimum wage for all hours worked in any workweek during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("FLSA Minimum Wage Collective" or "FLSA Minimum Wage Collective Members").

55.     Named Plaintiffs and putative FLSA Minimum Wage Collective Members were all subject to the same policies or practices described above which resulted in unpaid overtime.

56.     During the last three years, Defendants have not paid Named Plaintiffs and Defendants' other commissioned employees at least minimum wage for all hours worked. In particular, Named Plaintiffs and the putative FLSA Collective Members were not paid for time spent: at the weekly meetings, at the offices, performing warranty callbacks on their own jobs, traveling to and from job locations, or with customers that did not result in revenue to the business. Finally, Defendants took unlawful deductions from Named Plaintiffs' and Defendants' other

commissioned employees' that resulted in employees earning less than minimum wage for all hours worked in certain workweeks.

## V.    <u>RULE 23 CLASS ALLEGATIONS</u>

57.    The Named Plaintiffs bring their Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following subclasses:

- All current and former commissioned plumbing technicians or plumbing supervisors who worked over 40 hours in any workweek during the two (2) years preceding the filing of this Complaint and continuing through the final disposition of this case ("Ohio Rule 23 Overtime Subclass" or "Ohio Rule 23 Overtime Subclass Members").

- All current and former commissioned plumbing technicians or plumbing supervisors who did not earn minimum wage for all hours worked in any workweek during the three (3) years preceding the filing of this Complaint and continuing through the final disposition of this case ("Ohio Rule 23 Minimum Wage Subclass" or "Ohio Rule 23 Minimum Wage Subclass Members") (collectively the Ohio Rule 23 Overtime Subclass and Ohio Rule 23 Minimum Wage Subclass will be referred to as the "Ohio Rule 23 Class")

58.    The Ohio Rule 23 Class includes all current or former commission based, non-exempt employees employed by Defendants throughout the State of Ohio as defined above.

59.    The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

60.    The Named Plaintiffs are members of the Ohio Rule 23 Class and their claims for unpaid overtime and minimum wages are typical of the claims of other members of the Ohio Rule 23 Class.

61.    The Named Plaintiffs will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

62. The Named Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that they have undertaken to represent.

63. The Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

64. Questions of law and fact are common to the Ohio Rule 23 Class.

65. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

66. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to the Named Plaintiffs and the Ohio Rule 23 Class as a whole.

67. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

68. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class overtime wages for hours worked in excess of forty hours per week; (b) whether Defendants violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class minimum wage for all hours worked; (c) whether Defendants kept accurate records of the amount of time the Ohio Rule 23 Class was working each day; (d) whether Defendants calculated the Ohio Rule 23 Class's overtime rate of pay as required by the statute; (e) whether Defendants' violations of the Ohio

Wage Act were knowing and willful; (f) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiffs and other members of the Ohio Rule 23 Class on account of Defendants' violations of the Ohio Wage Act; and (g) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

69.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. The Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

70.     All of the preceding paragraphs are realleged as if fully rewritten herein.

71.     This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the FLSA Overtime Collective.

72.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

73.     During the three years preceding the filing of this Complaint, Defendants employed the Named Plaintiffs and the FLSA Overtime Collective Members.

74.     The Named Plaintiffs and the FLSA Overtime Collective Members regularly worked in excess of 40 hours in workweeks.

75.     The Named Plaintiffs and the FLSA Overtime Collective Members were paid on a commission basis and worked in non-exempt positions. Defendants did not ensure that Named Plaintiffs' and Defendants' other commissioned employees' regular rate of pay exceeded one and one-half times the applicable minimum wage for every hour worked in workweeks that they performed overtime work

76.     Defendants violated the FLSA with respect to Named Plaintiffs and the FLSA Overtime Collective by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek because Defendants did not pay any overtime.

77.     The Named Plaintiffs and the FLSA Overtime Collective Members were not exempt from receiving FLSA overtime benefits.

78.     Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the FLSA Overtime Collective Members are entitled.

79.     The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay the Named Plaintiffs and the FLSA Overtime Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

80.    As a direct and proximate result of Defendants' conduct, the Named Plaintiffs and the FLSA Overtime Collective Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the FLSA Overtime Collective Members.

**SECOND CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID MINIMUM WAGES**

81.    All of the preceding paragraphs are realleged as if fully rewritten herein.

82.    This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the FLSA Minimum Wage Collective.

83.    During the three years preceding the filing of this Complaint, Defendants employed the Named Plaintiffs and the FLSA Minimum Wage Collective.

84.    The FLSA requires that employees receive wages at the minimum rate of $7.25 per hour. *See* 29 U.S.C. § 206(a)(1).

85.    During the three years preceding the filing of this Complaint, the Named Plaintiffs and the FLSA Minimum Wage Collective Members were non-exempt, commissioned employees.

86.    At times during their employment, Named Plaintiffs' and the FLSA Minimum Wage Collective Members' commission payments did not meet or exceed the federal minimum wage rate for all hours worked in the respective workweeks.

87.    Defendants violated the FLSA when they failed to pay Named Plaintiffs and the FLSA Minimum Wage Collective Members the federal minimum wage.

88.    The exact total amount of compensation that Defendants have failed to pay the Named Plaintiffs and the FLSA Minimum Wage Collective Members is unknown at this time, as

many of the records necessary to make such precise calculations are in the possession of Defendants.

89.     As a direct and proximate result of Defendants' conduct, the Named Plaintiffs and the FLSA Minimum Wage Collective Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the FLSA Minimum Wage Collective Members.

**THIRD CAUSE OF ACTION:**
**R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

90.     All of the preceding paragraphs are realleged as if fully rewritten herein.

91.     This claim is brought under the Ohio Wage Act.

92.     The Named Plaintiffs and the Ohio Rule 23 Overtime Subclass Members have been employed by Defendants, and Defendants are employers covered by the overtime requirements under the Ohio Wage Act.

93.     The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

94.     The Named Plaintiffs and the Ohio Rule 23 Overtime Subclass Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid the required overtime wages for all of such time spent working because Defendants did not pay any overtime.

95.     The Named Plaintiffs and the Ohio Rule 23 Overtime Subclass Members were not exempt from the wage protections of Ohio Law.

96.     Defendants' repeated and knowing failures to pay overtime wages to the Named Plaintiffs were violations of R.C. §4111.03, and as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the Ohio Rule 23 Overtime Subclass Members were entitled.

97.     For Defendants' violations of R.C. §4111.03, by which the Named Plaintiffs and the Ohio Rule 23 Overtime Subclass Members have suffered and continue to suffer damages, the Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Ohio Rule 23 Overtime Subclass Members.

### FOURTH CAUSE OF ACTION:
### RULE 23 CLASS ACTION FOR MINIMUM WAGE VIOLATIONS

98.     All of the preceding paragraphs are realleged as if fully rewritten herein.

99.     This claim is brought as part of a class action by the Named Plaintiffs on behalf of themselves and the Ohio Rule 23 Minimum Wage Subclass.

100.    The Ohio Wage Act requires that employees receive at wages at a minimum rate that varies on a year to year basis.[1]

101.    During the two years preceding the filing of this Complaint, the Named Plaintiffs and the Ohio Rule 23 Minimum Wage Subclass Members were non-exempt, commissioned employees.

---

[1] For 2018, Ohio's minimum wage was $8.30 per hour. For 2019, Ohio's minimum wage was $8.55 per hour. For 2020, Ohio minimum wage is $8.70 per hour.

102.    At times during their employment, Named Plaintiffs' and the Ohio Rule 23 Minimum Wage Subclass Members' commission payments did not meet or exceed the Ohio minimum wage rate for all hours worked in the respective workweeks.

103.    Defendants violated the Ohio Wage Act when they failed to pay Named Plaintiffs and the Ohio Rule 23 Minimum Wage Subclass Members the Ohio minimum wage.

104.    The exact total amount of compensation that Defendants have failed to pay the Named Plaintiffs and the Ohio Rule 23 Minimum Wage Subclass Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

105.    As a direct and proximate result of Defendants' conduct, the Named Plaintiffs and the Ohio Rule 23 Minimum Wage Subclass Members have suffered and continue to suffer damages. The Named Plaintiffs seek unpaid minimum wages and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Ohio Rule 23 Minimum Wage Subclass Members.

**FIFTH CAUSE OF ACTION:**
**R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION**

106.    All of the preceding paragraphs are realleged as if fully rewritten herein.

107.    The Named Plaintiffs and the Ohio Rule 23 Class Members were employed by Defendants.

108.    During all relevant times, Defendants were entities covered by the OPPA and the Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

109.    The OPPA requires Defendants to pay Named Plaintiffs and the Ohio Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for

wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

110.    During relevant times, Named Plaintiffs and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

111.    The Named Plaintiffs and the Ohio Rule 23 Class Members unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

112.    In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

**<u>SIXTH CAUSE OF ACTION:</u>**
**RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT**

113.    All of the preceding paragraphs are realleged as if fully rewritten herein.

114.    The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

115.    During times material to this complaint, Defendants were covered employers, and required to comply with the Ohio Wage Act's mandates.

116.    Named Plaintiffs and the Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

117.    During times material to this complaint, Defendants violated the Ohio Wage Act with respect to Named Plaintiffs and the Ohio Rule 23 Class Members by failing to properly

maintain accurate records of all hours Named Plaintiffs and the Rule 23 Class Members worked each workday and within each workweek.

118. In violating the Ohio Wage Act, Defendants acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VII. **PRAYER FOR RELIEF**

**WHEREFORE**, as to Counts I through VI, Named Plaintiffs request judgment against Defendants for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Overtime Collective and FLSA Minimum Wage Collective apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Ohio Rule 23 Class under the Ohio Wage Act;

D. Finding Defendants failed to keep accurate records in accordance with the Ohio Wage Act and that as a result, Named Plaintiffs, the FLSA Overtime Collective Members, the FLSA Overtime Minimum Wage Members, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiffs, the FLSA Overtime Collective Members, the FLSA Overtime Minimum Wage Members, unpaid overtime and minimum wages to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiffs and the Ohio Rule 23 Class unpaid overtime and minimum wages to be determined at trial together with any liquidated damages allowed by the Ohio Wage Act;

G.      Awarding to Named Plaintiffs and the Ohio Rule 23 Class liquidated damages allowed by the OPPA;

H.      Awarding Named Plaintiffs, the FLSA Overtime Collective Members, the FLSA Overtime Minimum Wage Members, and the Ohio Rule 23 Class costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

I.      Awarding Named Plaintiffs, the FLSA Overtime Collective Members, the FLSA Overtime Minimum Wage Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

J.      Issuing an injunction prohibiting Defendants from engaging in present, ongoing and future violations of the FLSA and the Ohio Wage Act;

K.      Granting Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

L.      Rendering a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

> Respectfully submitted,
>
> **COFFMAN LEGAL, LLC**
>
> */s/ Matthew J.P. Coffman*
> Matthew J.P. Coffman (0085586)
> 1550 Old Henderson Rd.
> Suite #126
> Columbus, Ohio 43207
> Phone: 614-949-1181
> Fax: 614-386-9964
> Email: mcoffman@mcoffmanlegal.com
>
> *Attorney for Plaintiffs and those similarly situated.*

## **JURY DEMAND**

Plaintiffs request a trial by a jury of eight (8) persons.

/s/ Matthew J.P. Coffman
Matthew J.P. Coffman