IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| JOSHUA MYERS, et al., on behalf of themselves and others similarly situated, | : : : | Case No. 1:20-cv-429 |
| | : | Judge Matthew W. McFarland |
| Plaintiffs, | : : | |
| v. | : : | |
| AMERICAN EAGLE PLUMBING & DRAIN CLEANING, LLC, et al., | : : : | |
| Defendants. | : | |

**ORDER GRANTING JOINT STIPULATION TO CONDITIONAL CLASS CERTIFICATION AND COURT-SUPERVISED NOTICE TO POTENTIAL OPT-IN PLAINTIFFS PURSUANT TO 29 U.S.C. § 216(b) (Doc. 10)**

This matter is before the Court on the parties' joint stipulation to conditional class certification and court-supervised notice to potential opt-in plaintiffs pursuant to section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). (Doc. 10). The parties jointly agree to conditionally certify the present FLSA collective action and provide notice to the putative class members.

I.

Section 216(b) of the FLSA provides

> Any employer who violates the [minimum wage or overtime provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover [for such] liability . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of

1

himself or themselves and other employees similarly situated. 29 U.S.C. § 216(b).  The Sixth Circuit has interpreted this provision as establishing two requirements for a representative action under the FLSA: Plaintiffs must (1) "actually be 'similarly situated;'" and (2) "must signal in writing their affirmative consent to participate in the action."  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

In FLSA collective actions, class certification generally occurs in two stages: conditional and final certification.  *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 671 (6th Cir. 2012).  Conditional certification takes place at the beginning of discovery.  *Morse v. NTI Servs., Corp.*, No. 2:20-CV-2173, 2020 WL 5407974, at *2 (S.D. Ohio Sept. 9, 2020).  This "notice stage" focuses on whether plausible grounds exist for the claims.  *Id.*  At this stage, the certification is conditional, not final.  *Comer*, 454 F.3d at 546.  The plaintiff need only show that his position is similar, not identical, to the positions of the putative class members.  We use a "fairly lenient standard that "typically results in conditional certification of a representative class when determining whether plaintiffs are similarly situated during the first stage of the class certification process."  *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012) (cleaned up).  If plausible grounds exist and the Court grants conditional certification, then the plaintiffs may solicit opt-in notices from current and former employees under court supervision.  *Morse*, 2020 WL 5407974, at *3.

After the class plaintiffs have opted in and discovery concludes, final certification occurs.  *Id.* (citing *Comer*, 454 F.3d at 546).  At this second stage, after discovery, district courts examine more closely whether particular members of the class are, in fact, similarly

situated. At that point, the court has much more information and employs a stricter standard. *Comer*, 454 F.3d at 547. Final certification will depend on more than simple allegations and affidavits to demonstrate similarity. *Frye*, 495 F. App'x at 671. Alternatively, the defendant may move to decertify the class at the second stage, if it is appropriate based on the individualized nature of a plaintiff's claims. *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011).

II.

The parties have moved for conditional class certification and court-supervised notice for the following classes (hereinafter "Putative Collective Class Members"):

> All current and former technicians of American Eagle Plumbing & Drain Cleaning, LLC, American Eagle Plumbing and Drain Cleaning of Dayton Inc., and American Eagle Plumbing and Drain Cleaning of Florida, LLC who worked in the field providing plumbing services and *who worked over 40 hours in any workweek* beginning July 21, 2017 through the date of final disposition of this case.
>
> AND
>
> All current and former technicians of American Eagle Plumbing & Drain Cleaning, LLC, American Eagle Plumbing and Drain Cleaning of Dayton Inc., and American Eagle Plumbing and Drain Cleaning of Florida, LLC who worked in the field providing plumbing services and *who did not earn minimum wage for all hours worked in any workweek* beginning July 21, 2017 through the date of final disposition of this case.

(Doc. 10 at ¶ 2, distinctions emphasized.) In addition, the parties ask the Court to approve their Notice Packet. If the Court approves these classes and the Notice Packet, Defendants will provide Plaintiffs' Counsel with a list of names and contact information of the Putative Collective Class Members within 14 days of the entry of this Order.

3

Additionally, Plaintiffs' Counsel will mail and email the Notice Packet to the Putative Collective Class Members within seven days of receiving the list. The Putative Collective Class Members shall have sixty days from the date the Notice Packet is mailed to return their consent form to join this case. (*Id.* at ¶ 3.)

*Stipulated conditional class certification.* At this stage, Plaintiffs have satisfied their light burden of showing that they are similarly situated to the Putative Collective Class Members. They allege that they are plumbing technicians who regularly worked more than 40 hours per workweek, but were not paid overtime wages or minimum wage for all hours worked. They seek to conditionally certify a collective class comprised of current and former technicians who work or worked for defendants and who, since the workweek beginning July 21, 2017, worked more than 40 hours in a workweek or did not earn minimum wage for all hours worked. At the lenient conditional certification stage, based on the allegations, plaintiffs are similarly situated to the Putative Collective Class Members.

*Notice packet.* If a court conditionally certifies a FLSA class, notice is distributed to the class, the putative class members return the opt-in forms they received, and the parties conduct discovery. *Morse*, 2020 WL 5407974, at *3 (citing *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016)). "Courts have authority to supervise notice to putative class members." *Hall v. U.S. Cargo & Courier Serv.*, LLC, 299 F. Supp. 3d 888, 897 (S.D. Ohio 2018). "By monitoring preparation and distribution of the notice, a court can ensure that it is timely, accurate, and informative." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989). Here, there are no disputes about the content of the

4

notice. *See id.* The Court finds that the Notice Packet provides a fair and accurate description of the class. The Court further finds that the means of sending the Notice Packet are fair and reasonable.

*Opt-in period.* "There is no hard and fast rule controlling the length of FLSA notice periods." *Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-CV-2959, 2016 WL 5104891, at *2 (S.D. Ohio Sept. 20, 2016). Courts in the Southern District of Ohio have approved, in their discretion, periods from 45 days to 90 days. So the parties' agreed opt-in period of sixty days is reasonable.

III.

Upon consideration, the Court **GRANTS** the parties' joint stipulation to certify the conditional class and the Notice Packet. The Court further **APPROVES** of the means of delivery, the opt-in period, and the proposed actions on behalf of each party with respect to providing contact information, mailing the Notice Packets, and communicating with the Putative Collective Class Members.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND